Our next case is Apex Construction v. United States Virgin Islands. There are several other defendants, plaintiffs, excuse me, here, and they've been consolidated for arguments. And these are 24, 25, 30, 24, 25, 31, 25, excuse me, 24, 25, 32, 24, 35, 53, 24, 35, 24, 25, 34, 24, 25, 35. Mr. DeRuzzo. Hey, good morning. My name is Joseph DeRuzzo on behalf of the appellants, Apex Construction Company et al. I'd like to reserve five minutes for rebuttal. Sure. Your honors, I stood before you approximately two years ago when this case was previously before this court. And at that time, this court ruled that because the refund, the cause of action sounded in the local level refund statute, that tax comedy did not apply. I think it's clear and it remains clear that the cause of actions that I alleged at the trial level were for a refund under the Virgin Islands statute. The refund statute has a three-year statute of limitations. Notwithstanding that, the district court concluded that the cause of action didn't sound under the Virgin Islands refund statute, but instead was a different cause of action. I submit that that was error. The trial court, in concluding that effectively, I raised a standalone dormant commerce clause, applied a two-year statute of limitations borrowing from section 1983. I submit that that was wrong. But putting that aside for the moment, the court doesn't need to resolve that because this case arose under federal law. Obviously, for federal jurisdiction, if there's a federal cause of action, example given section 1983, you have obviously federal question jurisdiction. But there is a narrow band of cases that talks about issues arising under. But my entire complaint, the claims for refund, everything centered around one question and only one question. After RFCO, my clients, taxpayers, for the same exact tax periods at issue, are they entitled to a refund based upon this court's decision that the government of the Virgin Islands clearly violated the dormant commerce clause. And that that is the only issue that I... I don't understand though. Is that refund, are they entitled to a refund pursuant to 1692 or pursuant to the commerce clause? Now, I know you're arguing that 1692 brings into federal question legislation a question litigation through 1692. But putting that aside for a second, under the just the DI refund statute, where someone petitions for refund, that is a two-year statute. Is that right? Correct. It's a three-year statute. And so you've got to find that you're within that small category that you're talking about, where a state law claim sufficiently implicates federal law to give rise to federal question jurisdiction to get through a three-year. And there's no argument that you're using the three-year statute of limitations. Correct. And so the way I look at it is this. I use the Virgin Islands refund statute because that is the express waiver of sovereign immunity for a discrete issue of cases, tax cases. I then waited after filing the appropriate claims for refund. I waited the six-month statutory period to allow the government to consider the claims for refund, which is required. After the government did not do anything after the six months, the required statutory period, I then proceeded to file suit. Typical everyday tax litigation. The only thing that's different is the actual basis for the claim for refund is doesn't sound in local level law. This is not, you know, a typical what you would have is I paid too much. Perhaps I did a math error and I paid too much and I want a refund. Or in the context of excise cases, you might have an item that I think is not covered by the excise tax, the statute, but the government thinks this does. And so we have a discussion, a litigation over whether it falls in the ambit of the exclusion from the excise tax or not. But that's not what this case was. It was strictly pursuant to RFCO that the government violated the Dormant Commerce Clause. Like that's it. And to me, that falls within Grable, falls within the three cases that I say to my brief that it arises under. It is the only issue. Indeed, the very same issue that the court resolved in RFCO. And so I think that the district court got it wrong. And I think it to me, I understand that arising under we don't have a federal cause of action. It doesn't happen very often. But to use a turn of phrase of this court, rarely, if ever, does not mean never. And so given that this court already decided the Dormant Commerce Clause issue in RFCO, like that's it. There's no there there. And then just like the district court. You're saying there's no there there. Well, for purposes of yes. But this court, the district court resolved RFCO in RFCO's favor. And then on appeal, this court affirmed and said, and no one certain warrants that the claims that the Dormant Commerce Clause violation was so clear that it does not warrant further discussion. And so that was my entire theory. And with that being said, I'll segue into my second point. I submit that the district court erred in applying Mendoza and concluding that one cannot collaterally stop the government of the Virgin Islands. I submit that between the Alaska Supreme Court's decision in United Cook, Italy, along with the Pennsylvania Supreme Court's decision, I believe it's in Ray Stevenson, that all the animating factors for Mendoza, which concluded that the federal government cannot be collaterally stopped, do not apply to state governments, in particular, and in particular, the government of the Virgin Islands. I submit, judges, there is no difference between this case and RFCO. You've already decided the Dormant Commerce Clause, but now the government of the Virgin Islands is attempting to come up with new legal issues to be raised. And I view it as, for each individual taxpayer, if they lose on taxpayer one, they're going to come up with a different legal argument on taxpayer two, and if they lose on taxpayer three, they're going to come up with a different legal argument down the road. So a proverbial game of legal whack-a-mole. And then you will be presented again with the same factual issues that this court has already resolved. Well, the district court did say that when it chose not to exercise supplemental jurisdiction, that it would remand it to the local court. What are the practical implications to your clients of litigating this issue in the Virgin Islands courts? Well, one, this court's RFCO decision won't be binding, and there won't be any requirement that the Superior Court, it'll look at it as persuasive only, but it won't be bound by it by any stretch of the imagination. And I will have to litigate, if I tell you RFCO, you know, de novo, brand new, which I think the Astoria case from the Supreme Court talks about, you know, when a litigant loses and they've had their fair crack at the matter, especially after they've taken an appeal, they don't get a mulligan and get to do it again and again and again. And so, and I also would submit to this court that this is going to come up, not only in and other issues that are percolating throughout the courts. There are currently issues of a tonnage clause, import-export clause, and that to allow the government of the Virgin Islands to have litigation, including a plenary appeal, and then lose and then just get a mulligan to do it again just because it's a different taxpayer, to me just doesn't make any sense. And all the animating principles of Parkland-Hosiery, I believe, talks about like, you know, the error of a gambling table, it should just, should not be allowed. So, you know, I submit that, and based upon that, the district court erred in not collaterally stopping the GVI from effectively re-litigating REFCO, and in particular, two things this court did for REFCO. One, it affirmed the declaration that the government of the Virgin Islands violated the Dormant Commerce Clause, and two, it affirmed the claim for monetary relief, i.e. the refund. Those are the two issues, the two main issues that were resolved in REFCO, and given that the court had already determined that the taxpayers are entitled to a refund, I submit my taxpayers, similarly situated, same issue, same tax periods, nothing is different, they should be entitled to the same relief. So, with that being settled. To establish, why should we even get to that other than constitutional avoidance? But the constitutional avoidance concept doesn't play in here, because that which we would seek to avoid by doing, by ruling an estoppel, we've already addressed in REFCO, so there's no constitutional avoidance. Exactly. So why get into estoppel? Why get into estoppel? Because I believe, if this court were to remand just, and to conclude that there was a federal jurisdiction, then I'm still going to have to run the proverbial gauntlet of the government of the Virgin Islands raising new legal issues that could have been raised in REFCO and WERT under the theory that neither the district court nor this court had resolved these newfound legal arguments. What would they be given REFCO 1 and 2? What would be the newfound, all the newfound legal arguments would tie directly into the dormant commerce clause, wouldn't they? Yeah, exactly. But, but, you know, that, that, that's. That's why you're, okay, that's why you're resettling. Right, right. And, and then, because imagine for, you remand just, just on, on federal question jurisdiction, say, fine, there's federal question jurisdiction, don't touch, don't touch the collateral estoppel, then the government of the Virgin Islands is free to raise whatever arguments it wants in defense of summary judgment. Perhaps they will defrace the summary judgment, like it can't immediately appeal summary judgment. Then I'm going to have a trial, you know, on, on the merits. And then, then, then we're all this litigation for this, for tax, for similarly situated taxpayers. And I just don't think that's good for your billables. Say again, sir? It would be great for your billables. It would, but I would say this, I did quote the tax court and it's, it talks about that the government litigates with taxpayer funds, but taxpayers litigate with their own funds. And there's something, there's just unsavory about giving the government an infinite crack at come up with new legal theories. Good morning, Mr. Bailey. Good morning, your honors. Sean Bailey on behalf of Apelli United States Virgin Islands. I'm sorry, I did not get the memo. I don't have a bow tie. If I had one, I would have worn it today. Certainly, perhaps next time, Judge. That's a deal. I'll, I'll begin with the second issue that the balance council just discussed the issue of collateral estoppel. The district court correctly concluded that non-mutual offensive collateral estoppel should not be applied against the government of the Virgin Islands for the reasons thoroughly explored by the sixth, ninth, and I believe 11th circuit and stated in the district court's  But this court today does not need to go that far in order to dispose of the collateral estoppel question throughout the appellant's brief. Appellant conflates the doctrine of collateral estoppel with race judicata, or perhaps appellant's counsel would like collateral estoppel to have the same effect as race judicata. All of the, particularly in the reply brief, appellant cite three different cases, all from the late 19th century, all of which involved identical parties or parties in privity and suggest that those cases stand for the proposition that non-mutual offensive collateral estoppel should be applied against the government of the Virgin Islands. First of all, in terms of the district court's decision not to apply collateral estoppel, non-mutual offensive collateral estoppel decisions by the district court are reviewed by this court for abuse of discretion, as this court has stated in Smith v. Borough of Dunmore. Additionally, the most important thing here is that even if non-mutual offensive collateral estoppel can be applied against the government of the Virgin Islands, it would not apply in a dispositive sense in this case. Appellant's brief identified two actual issues to which the district court based its order on in this case. The issues of the statute of limitations and subject matter jurisdiction question were not raised or considered or adjudicated in RFCO, and therefore can't be precluded in this matter by the doctrine of collateral estoppel. Collateral estoppel is issue-specific. It is not race judicata, and it does not preclude relitigation of the case as a whole. Appellant seems to suggest that collateral estoppel could be used here to simply enter a complaint, say all of this was decided in RFCO, here is my complaint, give me my judgment. But the issues that are dispositive of this case that led to the district court's order here, the statute of limitations, and the subject matter jurisdiction questions were never raised in RFCO. I'm happy with this argument. I'm happy with your argument that it doesn't apply because this is under 1692, and that wasn't raised in the BFCO litigation. But each of you will agree that, agree with Mr. Caruso, that this claim arises under 1692, i.e. is there for federal questioner jurisdiction because it's part of a small category of cases where state law can give rise to a federal claim, or so implicates federal interest that jurisdiction is appropriate. In terms of the substance of what's left in the underlying tax litigation under 1692, how could the employment commerce clause not be implicated, how could that not be determinative of whether or not they're entitled to a refund, even though the issue wasn't addressed in RFCO 1 or 2? How could the RFCO decision be determinative? How could the issue be decided in terms of a refund without getting to the issue of whether or not what the VI government did here violated the employment commerce clause? Well, whether or not the government violated the commerce clause would certainly be an element of any claim for a tax refund in this case as framed by plaintiff. But in terms of the Grable inquiry, the substantiality inquiry, the fact that a commerce clause violation forms an element of the action is simply not sufficient to render that action, you know, to implicate a substantial... Getting into the jurisdictional issue now, and whether or not it's a federal question under 1692, whether or not 1692 gives rise to a federal question sufficient to get us to the three-year statute as opposed to the two-year statute. And I'm really not asking that. I'm asking, let's assume that he's right and that there is a federal question here. It's a three-year statute, not a two-year statute. It goes back down to the district court in which they're ready to file for the 1692 refund. The only way it seems to me you could oppose giving them the refund is to say that, well, wouldn't let... Wouldn't file a different commerce clause. Any defense would raise to the 1692 refund. Given RFCO, wouldn't that violate the determined commerce clause? Your Honor, I think there's several potential issues that could be raised that were not expressly raised and considered in RFCO. RFCO arose... There were different concerns present for the Virgin Islands in RFCO. RFCO concerned an action for an injunction, declaratory judgment. The litigation concerned whether the commerce clause even applied to the Virgin Islands. There was less focus on the specifics of a commerce clause violation. On the potential remand and the type of hypothetical that you're envisioning, there could still be issues as to competitive harm or whether or not... Does it matter if there's competitive harm? If you're enforcing a tax on whether it runs afoul of the commerce clause, does it matter if it harms the party? When a party has to pay a tax that the other party doesn't have to pay, they serve you upon the party that doesn't have to pay located in the Virgin Islands. Seems to me that harms the party paying the tax, but even if it doesn't, does it matter? It's still a differential treatment based upon one's residence. It could very well matter, Your Honor. My understanding is that there's precedent out there saying that competitive harm is an element for an action seeking damages based on a violation of the commerce clause. This is a slightly different situation with a tax refund statute. It's a territorial tax refund statute. The precise elements in this kind of a case are still open for argument. None of these issues were addressed, considered, raised, or decided in RFCO, which is another reason that collateral estoppel does not simply... The doctrine of collateral estoppel does not apply here to simply dictate that the appellants in these cases are entitled to a refund without any further litigation. Okay. As to the second issue, substantiality, the appellants did not address substantiality in their briefing on jurisdiction below in the district court, and their briefing on appeal is limited to just a few sentences in their opening brief. Essentially, appellants take the position, they cite this court's decision in express lines. In short, the federal law must be in the forefront of the case and not collateral, peripheral, or remote. They then go on to say that because the commerce clause violation forms an element of this tax refund case, it's certainly not collateral, peripheral, or remote. But that case, express lines, and several of the other cases cited by appellant predate the United States Supreme Court decision in Grable, and the follow-up decision in Gunn, and the entire line of cases growing out of that, which make clear that it's insufficient for a cause of action to merely implicate a federal issue as an element of that cause of action. Instead, the federal issue must be substantial, meaning that it must relate to an important federal government interest. It must either be some recurring, it must involve a federal actor, or it must involve the interpretation of a new question of federal law that would have wide-ranging implications. But even on the appellant's own theory of the case, those questions, whether or not a violation of the commerce clause in this situation would result in a tax refund, on an appellant's own theory of the case, those questions have already been decided, which means that all that's left to do in this case is to apply those general legal principles to the specific facts of this case based on things like when did the appellants pay these challenged excise taxes, what are the specifics in their case, and whether or not they're barred by the statute of limitations. All of these issues are dependent on the particular parties involved and are therefore fact-specific. And under the Supreme Court's decisions in the Empire, fact-bound specific situations like that do not present a substantial federal question that can confer federal subject matter jurisdiction. I'll also take a moment to note that the appellants in this case did not raise any challenge to the district court's decision not to exercise supplemental jurisdiction over the claims in the event that the territorial tax refund claims are found not to arise under the Constitution. But that would require them to appeal an issue of discretion. You're saying they should have taken an appeal over the district court's exercise of discretion to not exercise the so-called pendent jurisdiction, but supplemental jurisdiction over the state law claims once the federal claim was dismissed? No, Your Honor, I'm not saying they should have taken an appeal. I'm simply saying that's an abuse of discretion standard, just as the application of non-mutual offense of collateral estoppel is an issue of abuse of discretion. Also, where great leeway is granted to the district court in whether or not to apply that doctrine. If the court has no further questions. Thank you. Thank you, Your Honors. Your Honors, the final paragraph of Reef Code said this, quote, we therefore affirm the district court's declaratory and monetary relief ordered in the September 28th judgment and opinion period, close quote. The district court concluded that the government of the Virgin Islands violated the Dormant Commerce Clause, gave declaratory relief to that effect, and ordered monetary relief, i.e., a refund to Reef Code to that effect. It's the same thing I'm asking here. And in particular, the claims for refund are all virtually identical. We found at Joint Appendix 181, where I referenced Reef Code and provided the case number and the ECF number for the district court's opinion. I submit that under Grable, that it's the issue or the basis for the claim for refund is that there was a violation of the Dormant Commerce Clause. So I submit under Grable, it was federal question jurisdiction and district court erred to the contrary. Can you just address the substantiality issue? I mean, you do say in your brief, the Commerce Clause question was resolved in Reef Code 1 and 2. So of course, it is the premise upon which you're seeking these tax refunds for this set of clients. But how could that be a substantial issue to the federal system when it's already resolved? Because based upon the recent statutory amendments to the jurisdiction of the Virginia Supreme Court and the local level, there is no requirement to follow the district court's decision or to follow this court's decision in Reef Code, notwithstanding the fact that it was a non-presidential opinion. But what does that have to do with our question about whether the federal system needs to resolve this case now and such that we should apply this kind of rare, narrow area of subject matter jurisdiction? I would submit this, Judge Freeman. The Commerce Clause or the lack of the Commerce Clause was the main thing, in my view, that precipitated the fall of the Articles of Confederation. The reason that we had the Constitutional Convention was the balkanization of the individual colonies. And this was of immense importance for our nation. And that issue alone, it was hugely important in Philadelphia in 1787. And that's why I would submit it's even more important than the issue at Grable. Grable was whether the recipient of a deed from the IRS, whether Grable had been provided with sufficient notice to comply with Title 26. And in that case, the Supreme Court said yes. An issue of federal law, the Internal Revenue Code, was at issue and needed to be decided by federal courts. I would submit instead of having a very discreet, small subsection of Title 26 that led to federal jurisdiction. Instead, you've got the Commerce Clause that's hardwired into our Constitutional Affirmative. It is that important that it needs to be resolved at the federal level. But your clients could have filed a claim under the Commerce Clause, but they specifically disavowed that and chose to file a cause of action under Virgin Islands law. I, yes and no. And I would say this, I obviously chose the cause of action to be under the local level, because by doing so, I avoid issues with sovereign immunity. I avoid issues of whether the government was sufficiently put on notice. And I'm of the view that when you have a specific cause of action to give the taxpayer the relief they seek, you should use it. And this is probably an inapt analogy, but there's a reason one can't use Section 1983 for federal habeas relief, right? You have to use 2241 or 2254, the case may be, when you want habeas relief, notwithstanding the fact that Section 1983 allows for violations of Constitutional law. So you have, effectively, you've channeled federal habeas litigation, and you can't use Section 1983. I think that the same logic would apply here, which is why I use it. Why would I use a standalone dormant Commerce Clause claim, which there's some argument whether that can actually be brought or whether you need a procedural vehicle in order to do it. When I have the procedural vehicle to do it, that is the local level refund statute. And so it seems to me that when Congress, in this case, the Virgin Islands Legislature, gives taxpayers a discreet and clear path to waiver sovereign immunity, that they should use it. And that's what I did here, notwithstanding the fact that the actual basis for the claim for refund was under REFCO, the violation of the dormant Commerce Clause. So with that being said, Your Honors, I ask that the Court vacate the decision below and remand for further proceedings and require that the District Court collaterally stop the Government of the Virgin Islands from relitigating REFCO anew. Thank you very much for your time. Thank you. Thank you, counsel. Thank you. Thank you, Mr. Terriza, for your efforts today. Mr. Sleeper, Mr. Bailey, we will take these matters into consideration and get back to you all shortly. Thank you.